Bolivar ROMERO; Arcedalia
Romero, Petitioners

v.

Michael B. MUKASEY, United States
Attorney General, Respondent.

No. 06–61175

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 2007.

Clarissa Guajardo Shaw, Law Offices of
Clarissa G. Shaw, Houston, TX, for Peti-
tioners.

Thomas Ward Hussey, Director, Claire
L. Workman, U.S. Department of Justice
Office of Immigration Litigation, Linda
Susan Wendtland, U.S. Department of
Justice Civil Division Immigration Litiga-
tion, Washington, DC, Trey Lund, U.S.
Immigration and Customs Enforcement
Field Office Director, New Orleans, LA,
Sharon A. Hudson, U.S. Citizenship & Im-
migration Services, Houston, TX, for Re-
spondent.

Before JOLLY, PRADO, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Mexican citizens Arcedalia Romero and
Bolivar Romero petition for review from
the decision of the Board of Immigration
Appeals ("BIA") denying their motion to
reopen their case based on alleged ineffec-
tive assistance of counsel. The Romeros
did not petition for review from the BIA's

original decision denying their application
for cancellation of removal based on al-
leged hardship to their children, who are
United States citizens, were they to be
removed to Mexico. However, the BIA
reissued that decision for the limited pur-
pose of allowing the Romeros to comply
with the requirements for voluntary depar-
ture.

We do not decide whether the BIA's
reissuance of its original decision restarted
the time during which the Romeros could
file a petition for review. *See, e.g., Lewis
v. Gonzales*, 481 F.3d 125, 129 (2d Cir.
2007); *Firmansjah v. Ashcroft*, 347 F.3d
625, 626–27 (7th Cir.2003). That question
need not be answered because even if the
appeal is timely, we lack jurisdiction to
review the discretionary determination
whether an alien who is legally eligible for
cancellation of removal should be granted
that relief. 8 U.S.C. § 1252(a)(2); *Delga-
do–Reynua v. Gonzales*, 450 F.3d 596,
599–600 (5th Cir.2006). The failure to re-
ceive discretionary relief does not amount
to a deprivation of a liberty interest, and
alleged ineffective assistance of counsel in
seeking such relief does not constitute a
due process violation. *Assaad v. Ashcroft*,
378 F.3d 471, 475 (5th Cir.2004).

In light of the foregoing, the petition for
review is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.